FILED

2008 Mar-31  AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| MARSHALL HUTCHINS; KATHY HUTCHINS | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )     CV 04-B-3356-W |
| | ) |
| HASKEL INTERNATIONAL, INC.; HARSCO CORPORATION; NATIONAL MINE SERVICE COMPANY, | ) ) ) ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION

This case is before the court on Motion to Dismiss, filed by defendant National Mine

Service Company.[1]  (Doc. 115.)[2]  Because defendant National Mine Service Company relies

on evidence outside the pleadings, the court will treat its Motion to Dismiss as a Motion for

Summary Judgment.  *See* Fed. R. Civ. P. 12(b).  Upon consideration of the record, the

submissions of the parties, the arguments of counsel, and the relevant law, the court is of the

---

[1]The Motion was filed by Distribution Mining & Equipment Company, L.L.C., as the successor to National Mine Service Company.  Plaintiffs have filed a Motion to Amend their Complaint to substitute Distribution Mining & Equipment Company for National Mine Service.  For purposes of this opinion, the court will refer to National Mine Service as "defendant".

[2]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

opinion that defendant's Motion to Dismiss, (doc. 115), is due to be denied in part and granted in part.

Defendant asks the court to dismiss plaintiffs' claims as barred by the statute of limitations. Plaintiffs have alleged state-law tort and breach of warranty claims arising from an accident on August 16, 2003, wherein Marshall Hutchins was injured while operating an oxygen booster that defendant allegedly rebuilt in 1990. Plaintiffs substituted defendant for Morgantown National Supply, Inc., in their Third Amended Complaint, (doc. 100), filed on November 27, 2006. Morgantown National Supply had been added as a defendant in this action on November 21, 2005, (doc. 36), when the court granted plaintiffs' Motion to Amend, (docs. 24, 35), which plaintiff had filed on August 12, 2005.

## I. **RELATION BACK**

Defendant contends that plaintiff's Third Amended Complaint does not relate back to the filing of their Second Amended Complaint, naming Morgantown, because defendant did not have notice of the lawsuit within 120 days after the Second Amended Complaint was filed. Also, defendant contends that even if the Third Amended Complaint related back to the filing of the Second Amended Complaint, the Second Amended Complaint was filed after the running of the statute of limitations on plaintiffs' claims.

A federal court, sitting in diversity, applies the relation-back rule of the state when state law provides the statute of limitations. *Saxton v. ACF Industries, Inc.*, 254 F.3d 959,

963 (11th Cir. 2001)(citing, *inter alia*, Fed. R. Civ. P. 15(c)(1)).[3]  Alabama's rule for relation

back of an Amended Complaint substituting a new, named defendant is found in Rule 15(c):

of the Alabama Rules of Civil Procedure:

> An amendment of a pleading relates back to the date of the original pleading
> when
>
>    . . .
>
>    (2)  the claim or defense asserted in the amended pleading arose out of
>    the conduct, transaction, or occurrence set forth or attempted to be set
>    forth in the original pleading . . ., or
>
>    (3)  the amendment . . . changes the party or the naming of the party
>    against whom a claim is asserted if the foregoing provision (2) is
>    satisfied and, within the applicable period of limitations or one hundred
>    twenty (120) days of the commencement of the action, whichever
>    comes later, the party to be brought in by amendment (A) has received
>    such notice of the institution of the action that the party will not be
>    prejudiced in maintaining a defense on the merits, and (B) knew or
>    should have known that, but for a mistake concerning the identity of the
>    proper party, the action would have been brought against the party, . .
>    . .

Ala. R. Civ. P. 15(c)(2)-(3).  Thus, pursuant to Alabama law, plaintiff's Amended Complaint

will relate back if three requirements are met:

>    (1) The Amended Complaint sets forth a claim arising from the same conduct
>    or transaction set forth in the Original Complaint;
>
>    (2) Defendant had notice of the institution of this action within 120 days of
>    filing; and

---

[3]Rule 15(c)(1) of the Federal Rules of Civil Procedure states, "An amendment of a
pleading relates back to the date of the original pleading when . . . (1) relation back is
permitted by the law that provides the statute of limitations applicable to the action . . . ."

(3) Defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.

## A. SAME CONDUCT

The requirements of Ala. R. Civ. P. 15(c)(2) are clearly met. Plaintiffs' original and amended Complaints allege causes of action arising from the accident on August 16, 2003.

## B. NOTICE WITHIN TIME LIMITS

Because plaintiffs substituted defendant for Morgantown, "the [Second] Amended Complaint, in which [Morgantown] was first named as a new defendant, is the 'original pleading', '[commencement] of the action', and 'the action' as those terms are used in the Rule." *See Miles v. Whaley*, 155 F.R.D. 684, 687 (M.D. Ala. 1994). The Second Amended Complaint naming Morgantown was filed on November 27, 2006. (Doc. 36.) Defendant has submitted evidence that it "first received notice of the existence of this lawsuit on February 10, 2006, (*see* doc. 115, Ex. D ¶ 3), which is 81 days after the action was commenced against Morgantown. Therefore, the court finds that defendant had notice of this action within 120 days after its commencement.

## C. DEFENDANT'S ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF MISTAKE

Defendant argues it had no reason to know plaintiff had misidentified Morgantown. It contends:

> When notified of this lawsuit in February 2006, NMS by and through its New York counsel notified counsel for Morgantown that NMS had been provided no evidence to suggest that the product complained of by the plaintiffs was manufactured by NMS. . . . It was not until August 31, 2006, that counsel for Morgantown even supplied NMS with a copy of the National Mine Service

Company purchase order.  Counsel for Morgantown also advised NMS that he believed there was deposition testimony from an employee of JWR which tied plaintiff's accident to the oxygen pump allegedly rebuilt by NMS.  Thus it was not until August 31, 2006 – well more than 120 days after the filing of the Second Amended Complaint [naming Morgantown] – that NMS could be expected to know that plaintiff may decide to file suit against NMS.  Prior to this, NMS had no information or evidence to indicate that plaintiff had any intent to sue any other entity other than National Mine Service, Inc.

(Doc. 118 at 7-8.)

The evidence supports a finding that Morgantown informed defendant that plaintiffs had named Morgantown by mistake because defendant was responsible for any liability arising from the 1990 rebuild.  The court finds that defendant knew or should have known that it would have been named as a defendant, but for plaintiffs' mistake that Morgantown was defendant's successor for purposes of liability arising from the 1990 rebuild.  Therefore, the court finds that plaintiff's Third Amended Complaint, substituting defendant for Morgantown, relates back to the Second Amended Complaint naming Morgantown.

## II.  STATUTE OF LIMITATIONS

Plaintiffs' Second Amended Complaint was filed on November 21, 2005.  Plaintiff was injured on August 16, 2003.  Plaintiffs allege tort and breach of warranty claims.  For the reasons set forth below, the court finds that plaintiffs' breach of warranty claims are time barred and that their personal injury claims are not time barred.

Plaintiffs' personal-injury tort claims have a two-year statute of limitations, which began to run at the time plaintiff Marshall Hutchins was injured on August 16, 2003.  Ala. Code § 6-2-38(*l*)("All actions for any injury to the person or rights of another not arising

5

from contract and not specifically enumerated in this section must be brought within two years."); *see also Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001)("Under Alabama law, claims for negligence are subject to a two-year statute of limitations.  The statutory period of limitations for negligence actions, found at Ala.Code § 6-2-38, is two years from the date the injury occurred.")(citing *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993)).

Although plaintiffs' Second Amended Complaint, naming Morgantown, was filed on November 21, 2005 – more than two years after Marshall Hutchins was injured – plaintiffs had filed their Motion for Leave to Amend, seeking to add Morgantown, on August 12, 2005 – less than two years after Marshall Hutchins was injured.  "When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000)(citations omitted); *see also Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1258 n.2 (M.D. Ala. 2004)("For statute of limitations purposes, an amended complaint is deemed filed on the date that the party files a motion for leave to file the amended complaint, rather than on the date that the motion for leave to amend is granted, or the date that the amended complaint is docketed as a separate document." (citing *Wallace v. Sherwin Williams Co., Inc.,* 720 F. Supp. 158, 159 (D. Kan. 1988))).

Because plaintiffs' filed their Second Amended Complaint within two years of the accident at issue in this case, plaintiffs' personal-injury tort claims were timely filed.

The statute of limitations for breach of warranty claims is four years from delivery. *Lands v. Lull Intern., Inc.*, No. 1051278, 2007 WL 625836, *1 (Ala. Mar. 2, 2007)(citing Ala. Code § 7-2-725(2)). Defendant allegedly rebuilt the oxygen booster in 1990. Therefore, any cause of action based on breach of warranty is time barred. Plaintiffs' breach-of-warranty claims will be dismissed.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiffs' breach of warranty claims against defendant are time barred and that their personal-injury tort claims are not time barred. An Order granting defendant's Motion to Dismiss plaintiffs' breach of warranty claims and denying its Motion to Dismiss plaintiffs' personal-injury tort claims will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 31st day of March, 2008.


SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE