UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARSHALL HUTCHINS; KATHY HUTCHINS | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   CV 04-B-3356-W ) |
| HASKEL INTERNATIONAL, INC.; DISTRIBUTION MINING & EQUIPMENT COMPANY, II, L.L.C., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on Motion for Mental Examination of Plaintiff, filed by defendant Distribution Mining and Equipment Company ["DME"]. (Doc. 135.) For the reasons set forth below, DME's Motion is **GRANTED**.

Rule 35(a) of the Federal Rules of Civil Procedure provides:

(1) *In General*. The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .

(2) *Motion and Notice; Contents of the Order*. The order:

   **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and

   **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).  "Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'"  *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).

### A.  CONDITION IN CONTROVERSY

According to DME, plaintiff's mental condition is in controversy because he claims that he is unable to work due to psychiatric disorders he suffers as a result of the explosion and fire made the basis of this case.  Plaintiff does not deny that his mental state in controversy.  (*See*, *generally*, doc. 138.)

### B.  GOOD CAUSE

Plaintiff argues that DME has not shown good cause for a mental examination because, "Defendant has the deposition testimony of Mr. Hutchins['s] psychiatrist . . . and all medical records have been provided to the Defendant.  There is simply no need for Mr. Hutchins to be subjected to the stress and indignity of an unnecessary mental examination." (Doc. 138 at 3.)  However, Dr. Robert M. Toborowsky, a psychiatrist and DME's proposed examiner, contends that he needs to examine plaintiff to form an opinion; he stated, "The cornerstone of all rationale diagnostic decision making and treatment planning in psychiatry and, for that matter, in all of medicine, rests on a careful and comprehensive evaluation of the individual.  Thus, while the records and documents I reviewed are very informative my

opinions would be incomplete without performing such an evaluation." (Doc. 135, Ex. 2 ¶ 3 and ex. A at 1.)

Whether good cause is established depends on **both** relevance and need. *Pearson v. Norfolk-Southern Ry*, 178 F.R.D. 580, 582 (M.D. Ala. 1998)(citations omitted and emphasis added). "In determining whether there is need, the court must examine '[t]he ability of the movant to obtain the desired information by other means . . . .'" *Id*. (quoting *Schlagenhauf*, 379 U.S. at 118).

> [When] plaintiff's mental condition is in controversy and substantial damages are asserted, it is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony. The testimony of an expert is a well recognized and reasonable way of doing so, and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion.

*Ali v. Wang Lab.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995)(citing *Shepherd v. American Broadcasting Companies, Inc.*, 151 F.R.D. 194, 213 (D.D.C. 1993), *rev'd and vacated in non-pertinent part*, 62 F.3d 1469 (D.C. Cir. 1995)).

The court finds defendant has shown good cause for an independent mental examination of plaintiff Marshall Hutchins. Therefore, defendant's Motion will be granted.

## C. TERMS OF THE EXAMINATION

Rule 35(a)(2)(B) requires the court's Order to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). DME proposes that Dr. Toborowsky conduct the examination. (Doc. 135 at 11.) Dr. Toborowsky represents that he will conduct the

examination in accordance with generally-accepted standards in the field of psychiatry and will include an interview with Mr. Hutchins and administering an MMPI-2, MCMI-3, and a Post Traumatic Stress Disorder Inventory, (*id*. at 11-12 and Ex. 2, ex. A). The proposed examination will take six hours in two three-hours sessions, with a lunch break between sessions. (Doc. 135, Ex. 2, ex. A.) Mr. Hutchins does not object to the terms of the examination. (*See*, *generally*, doc. 138.)

Mr. Hutchins requests that his "attorney, [his] attending psychiatrist, a suitable third-party, or . . . a video recorder or audio-tape recorder be present during the examination for purposes of observation and note taking." (Doc. 138 at 4.) He contends that this is "necessary to ensure the examination is for a legitimate purpose and does not turn into a de facto deposition."[1] (*Id*.) The court finds that the presence of a third party or a recording device is not necessary to limit Dr. Toborowsky's conduct to the matter at hand – his evaluation of Mr. Hutchins's mental condition. The court will order Dr. Toborowsky's examination to be limited to the topic of Mr. Hutchins psychiatric condition and his prognosis, but it will not order the examination recorded or third-party participation. *See Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 323-24 (N.D. Ga. 2000)(plaintiff has no right to have her attorney present at a Rule 35 examination; however a court may allow an observer if plaintiff shows "special conditions" are needed to remedy "specific problems,"

---

[1]Plaintiff does not contend that his current medical condition makes his examination in the absence of a third-party inadvisable for medical reasons.

4

such as "unorthodox or harmful techniques" or a biased examiner); *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26-27 (D. Conn. 1994)(noting a need for plaintiff's physician to attend examination if examining doctor proposes using "unorthodox or potentially harmful techniques in his examination").  *But see Gritt v. Target Corp.*, No. 8:07-CV-181-T-27EAJ, 2008 WL 1777744, *3 (M.D. Fla. Apr. 18, 2008)(attorney allowed to attend examination to insure that examining doctor did not question plaintiff on the issue of liability).

Defendant proposes that the examination take place at the office of Tuscaloosa Court Reporting.  The examination will take place at the office of Tuscaloosa Court reporting unless the parties mutually agree to another location.

Therefore the court **ORDERS** as follows:

1. On or before September 30, 2008, plaintiff Marshall Hutchins shall submit to a mental examination by Dr. Robert M. Toborowsky at the office of Tuscaloosa Court Reporting, unless the parties mutually agree otherwise.

2. The examination is limited to the topic of Mr. Hutchins's mental condition and prognosis.

3. The examination shall not last longer than six hours, excluding breaks.

4. The examination shall consist of a psychiatric interview, limited to the topics set forth in doc. 135, Ex. 2, ex. B, and three standardized tests – MMPI-2, MCMI-3, and Post Traumatic Stress Disorder Inventory.

**DONE**, this the 5th day of August, 2008.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE